IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHELLE MELLEMA,

        Plaintiff,                No. CIV 2:12-cv-2527-JAM-AC (PS)

   vs.

U.S. ARMY,

        Defendant.        <u>ORDER</u>

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

//

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the complaint filed October 10, 2012, plaintiff brings suit against the United States Navy pursuant to 18 U.S.C. § 246 and 42 U.S.C. § 1983 for the Navy's alleged failure to treat a gastrointestinal issue that has plagued plaintiff since she began active service duty in 1986. Plaintiff seeks damages and injunctive relief.

On review, the court has determined that plaintiff's suit against the Navy must be dismissed because there is no allegation that the federal agency waived its sovereign immunity. Without such a waiver, suit may not be maintained against the Navy. This is so because the Navy, as a federal agency of the United States, may not be sued without its consent. United States v. Dalm, 494 U.S. 596, 608 (1990); see also McGuire v. United States, 550 F.3d 903, 910 (9th Cir. 2008) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Where a suit has not been consented to by the United States, dismissal of the action is required . . . [because]

the existence of such consent is a prerequisite for jurisdiction." (citation and quotation signals omitted)); Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008) ("In order for a plaintiff to bring a viable suit against the federal government or its agencies, the government must have waived its sovereign immunity."); Aminoil U.S.A., Inc. v. Cal. State Water Res. Control Bd., 674 F.2d 1227, 1233 (9th Cir. 1982) (noting sovereign immunity extends to officers acting in their official capacities); LeCrone v. U.S. Navy, 958 F. Supp. 469, 473 n.3 (S.D. Cal. 1997) ("Actions may not be brought against federal agencies or federal officers acting in their official capacities because of the bar of sovereign immunity."). The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Also pending before the court is plaintiff's request for appointment of counsel. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Also, under 28 U.S.C. § 1915(e)(1), a district court has the discretion to appoint counsel to represent an "indigent civil litigant," but only under "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of

success on the merits, and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved.  <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1093 (9th Cir. 1980).  Here, because plaintiff is not facing a loss of liberty, <u>Lassiter</u> is inapplicable.  In addition, at this point in the proceedings, the undersigned is unable to make a determination that plaintiff is likely to succeed on the merits of her claims.  Accordingly, the undersigned will deny plaintiff's request for the appointment of counsel.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis is granted;

2.  Plaintiff's request for appointment of counsel is denied without prejudice;

3.  Plaintiff's complaint is dismissed; and

4  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: November 21, 2012

/s/
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;mell2527.ifp.lta